IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| TOMMY CRUM, et al., | |
| Plaintiffs, | CIVIL ACTION NO.: 2:22-cv-85 |
| v. | |
| GL NV24 SHIPPING, INC., et al., | |
| Defendants. | |
| TIMOTHY CHEEK, et al., | |
| Plaintiffs, | CIVIL ACTION NO.: 2:22-cv-86 |
| v. | |
| GL NV24 SHIPPING, INC., et al., | |
| Defendants. | |

### PROTECTIVE ORDER

The parties filed a Joint Motion for Entry of Stipulated Proposed Protective Order. Doc. 114.[1] Having fully considered the parties' request and for good cause shown, the Court **GRANTS** the Motion, subject to the following modifications:

(1) The Court and its authorized personnel are not parties to the agreement and are not bound by its terms;

(2) Nothing in this Protective Order shall be construed as relieving any party from the obligation imposed by Local Rule 79.7 to file a motion seeking the sealing of

---

[1] As indicated by the caption, this Order addresses two parallel cases, 2:22-cv-85 and 2:22-cv-86. All docket numbers refer to the docket in Case Number 2:22-cv-85. I **DIRECT** the Clerk of Court to docket this Order in both cases.

confidential documents; and

(3) Nothing in this Protective Order shall be construed as limiting the Court's discretion to determine whether evidence should be protected from public disclosure in contravention of the strong presumption in favor of access to court records.

It is further **ORDERED**:

This Protective Order governs the production and handling of confidential documents produced during discovery or any other proceeding in this action by or on behalf of any party in the above-captioned matters ("the Actions"), as well as any third parties who agree to the terms of this Protective Order.

This Protective Order shall apply to: (i) Plaintiffs, their subsidiaries, divisions, affiliates, counsel, agents, representatives, officers, directors, employees, and experts; (ii) Defendants, their subsidiaries, divisions, affiliates, counsel, agents, representatives, officers, directors, employees, and experts; (iii) third parties (including their subsidiaries, divisions, affiliates, counsel, agents, representatives, officers, directors, employees, and experts) who produce documents in response to Plaintiff or Defendant subpoenas and who agree to the terms within this Protective Order; and (iv) any other person or party to the Actions receiving or having access to Confidential Material in one or both of these Actions produced by or on behalf of Defendants or Plaintiffs (individually or collectively) who agree to be bound by the terms of this Protective Order.

**I.** Confidential Information produced or disclosed in the Actions shall be used solely for the prosecution or defense (including any appeal therefrom) of these Actions and shall not be used for any other purpose.  Unless otherwise agreed upon by the parties, all Confidential Information

produced or disclosed for one of the above captioned Actions can be used for the other captioned Action. It shall not be shared with any parties outside of these Actions.

**II.** When used in this Protective Order, the term:

**A.** "**Confidential Information**" shall mean documents, testimony, or other information considered by a party to contain commercially sensitive, confidential, or otherwise proprietary material or other similar information and that is gained, acquired, or learned by Plaintiffs or other parties from a party, or a party's agents, attorneys or representatives in the course of discovery or other proceedings herein. A party may designate "Confidential Material" by marking "Confidential," or a designation similar in substance, on the thing or each page of a document containing "Confidential Material."

**B.** "**Disclosing Party**" shall refer to any party to one or both of these Actions and any non-party disclosing or producing Confidential Information in connection with one or both of these Actions.

**C.** "**Discovery Material**" shall refer to all items or information that are produced or generated in disclosures or responses to discovery in one or both of these Actions, regardless of the medium or manner in which it was stored, generated, or maintained.

**D.** "**Document**" shall have the same meaning as provided in Federal Rule of Civil Procedure 34 and shall include, without limitation, all original, written, recorded, electronic, or graphic materials and all copies, duplicates, or abstracts thereof including, but not limited to, notes on documents, including information contained therein or derived therefrom.

**E.** "**Information**" shall include documents and records (including associated metadata) whether on paper, film, or other media, as discrete files stored electronically,

optically, or magnetically, or as a record within a database, archive, or container file, including emails, messages, word processed documents, digital presentations, spreadsheets, and database content, as well as deposition testimony and transcripts.

    **F.**    "**Privileged Information**" and "**Privileged Discovery Material**" shall mean all documents and information contained therein that are subject to a claim of attorney-client privilege or work-product protection.

    **G.**    "**Receiving Party**" shall refer to any party to one or both of these Actions and any non-party who receives Confidential Information.

**III.**    All Confidential Information shall be used only for the purpose of preparing for and conducting these Actions (including appeals), and not for any business or other purpose whatsoever, and shall not be given, shown, made available, or communicated in any way to anyone except those specified in Paragraph IV below to whom it is reasonably necessary that such Confidential Information shall be given or shown for the purposes permitted under this paragraph.

**IV.**    Unless otherwise ordered by the court or permitted in writing by the disclosing party, a receiving party may disclose Confidential Information only to:

    **A.**    counsel of record in one or both of these Actions, as well as counsel's employees to whom it is reasonably necessary to disclose the information in connection with one or both of these Actions;

    **B.**    the named parties including in-house counsel, officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for one or both of these Actions;

**C.** experts and consultants, including their staff who have signed the Acknowledgment attached hereto as Exhibit A;

**D.** outside photocopying, microfilming, or database service providers, trial support firms, graphic production services, litigation support services, and translators engaged by the parties during one or both of these Actions to whom disclosure is reasonably necessary for one or both of these Actions;

**E.** the Court, any court to which a party petitions for discovery of a non-party, any appellate court, and necessary court personnel;

**F.** court reporters and their staff, stenographers, or video operators, and professional vendors to whom disclosure is reasonably necessary for one or both of these Actions;

**G.** during their depositions and deposition preparation, witnesses in the Actions to whom disclosure is reasonably necessary (although such individuals shall not be permitted to retain any copies);

**H.** during trial or any hearing, witnesses in the Actions to whom disclosure is reasonably necessary;

**I.** any mediator or arbitrator engaged by the named parties in connection with one or both of these Actions;

**J.** the author or recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the information; and

**K.** other persons only after notice to all parties and upon order of the Court or upon written consent of the disclosing party.

**V.** Designation of documents or other material as containing Confidential Information may be made at or prior to the time of production of documents by stamping or otherwise affixing the

legend "CONFIDENTIAL" on each page deemed Confidential in a manner that does not interfere with the legibility of the document. When Confidential Information is disclosed in a form not appropriate for such placing or affixing, such Confidential Information shall be designated as Confidential in writing at the time it is delivered to the receiving party.

A disclosing party may designate as Confidential any portion of a transcript from a deposition (or a transcript from other pretrial or trial proceedings) deemed to contain such material. The disclosing party shall advise the court reporter and counsel of record at the beginning and end of the testimony containing Confidential Information ("**Confidential Testimony**") either orally at the deposition or in writing no later than seven calendar days after receipt from the court reporter of the final deposition transcript. During such seven-day period, the parties shall treat the entire transcript as Confidential.

Subject to the other provisions of this Protective Order, including, but not limited to Paragraph XI, the failure to timely designate deposition testimony as Confidential Testimony waives any such designation, unless otherwise ordered by the Court or agreed in writing by all parties.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

If a dispute arises regarding the designation of Confidential Information or Confidential Testimony, the party raising the dispute has the burden of objecting to the designation. Said objection can be made in writing to the designating party in any format. The parties are required to confer regarding the objection, and if the parties cannot reach an agreement after conferring, the objecting party has the burden of filing a motion to dispute the Confidentiality designation.

The party seeking the Confidentiality designation then shall have the burden of demonstrating the contested information or testimony is Confidential.

**VI.** Each expert, advisor, consultant, fact witness, or potential fact witness who receives Confidential Information shall be shown a copy of this Protective Order and be advised of its contents. Experts and consultants shall execute the written acknowledgement attached hereto as Exhibit A.

**VII.** Any person or entity in possession of Confidential Information shall maintain those materials in a reasonably secure manner and shall not reveal or discuss such information to or with any person not entitled to receive it, so that the Confidential Information is not further disclosed or used in any manner inconsistent with this Protective Order.

**VIII.** Nothing in this Protective Order shall prevent or in any way limit disclosure, use, or dissemination of any Confidential Information that:

  **A.** is or became public knowledge, not in breach of this Protective Order;

  **B.** was acquired by a party from a non-party having the right to disclose such information; or

  **C.** was learned by a party as a result of that party's own independent efforts, investigation, or inquiry.

If a dispute arises as to disclosure limitations for any specific Confidential Information, the burden shall be on the party seeking unlimited disclosure to prove such Confidential Information was lawfully obtained through the above means or sources.

**IX.** If a receiving party learns, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the receiving party must not later than seven calendar days after learning of the disclosure: (a) notify

in writing the disclosing party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons to execute the Acknowledgment attached hereto as Exhibit A.

**X.** Inadvertent failure to designate materials as Confidential at the time of production may be remedied by supplemental written notice by the disclosing party. The disclosing party must notify the receiving party within 14 calendar days after discovering it inadvertently failed to designate the information as confidential. If such notice is given, all documents, materials, or testimony so designated shall be subject to this Protective Order as if they had been initially designated as Confidential. Therefore, the receiving party should notify any non-party to whom disclosure was made about the confidentiality designation.

The foregoing provision shall not apply to any documents that have already otherwise become publicly available.

**XI.** If at any time prior to the trial of one or both of these Actions the disclosing party discovers it has disclosed Privileged Information or Privileged Discovery Materials, it shall, as soon as practicable after learning it inadvertently or mistakenly produced such information:

    **A.** Notify all parties in writing of the inadvertent disclosure.

    **B.** Identify all inadvertently Disclosed Information.

**XII.** When a disclosing party gives notice to a receiving party certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

**XIII.** A party who receives any discovery materials that, upon review by such party, appear on their face to contain privileged information or appear to be privileged discovery materials shall:

(i) refrain from any further examination or disclosure of such material pending confirmation by the producing party such material is not privileged discovery materials; and (ii) provide written notice as soon as practicable to counsel for the producing party such document appears to be privileged discovery materials.  Upon receiving that written notice, the producing party shall provide written notice within three days to the other party indicating whether the document in question constitutes privileged discovery materials.

**XIV.** Without written permission from the disclosing party or a Court order secured after appropriate notice to all interested persons, a receiving party may not file in the public record in one or both of these Actions any Confidential Information.  However, this Protective Order does not, by itself, authorize the filing of any document under seal.

If only portions of a document contain confidential information, the party filing the document shall submit to the Court a redacted copy of the same, in accordance with the Court's Rules.

**XV.** This Protective Order, insofar as it restricts the use of Confidential Material, shall continue to be binding throughout and after the conclusion of these Actions, including any appeals.  Within 30 days after the conclusion of these Actions, all Confidential Material shall be destroyed or returned by the receiving party to the party from which it was received.  In the former case, counsel for the parties shall certify in writing the documents have been destroyed.  All briefs, pleadings, or other filings with the Court that incorporate or disclose Confidential Material may remain in the possession of the parties' counsel and need not be destroyed but shall remain subject to any conditions or restrictions applicable to their filing.

**XVI.** In the event a disclosing party produces two or more identical copies of a document of which at least one copy is designated as Confidential and at least one copy is not so designated,

once such a discrepancy is discovered, all copies of the document shall be treated with the greatest amount of protection so designated. If a receiving party identifies such a discrepancy, it shall promptly notify the disclosing party. Once the disclosing party identifies or becomes aware of the discrepancy, it shall promptly notify all other parties to the Actions.

**XVII.** The production or disclosure of certain documents, testimony, or information deemed confidential by the disclosing party shall not waive or prejudice the right of the disclosing party to object to the production or disclosure of other documents or information in one or both of these Actions or any other action.

**XVIII.** Nothing in this Protective Order or any designation of confidentiality hereunder or any failure to make such designation shall be used or characterized by any party as an admission by a party or a party opponent.

**XIX.** The parties agree a designation of information as Confidential is not intended to be and shall not be construed as an admission the Confidential Information is relevant to a party's claims or defenses, nor subject to an applicable privilege or protection.

**XX.** The treatment accorded under this Protective Order shall survive the termination of one or both of these Actions.

**XXI.** This Protective Order shall not prevent any party from applying to the Court for further or additional protective orders or from agreeing with the other parties to modify this Protective Order.

**SO ORDERED**, this 6th day of February, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# EXHIBIT A

## ACKNOWLEDGEMENT

I, _____, declare:

1. I have received a copy of the Protective Order ("Protective Order") in this Action(s).

2. I have carefully read and understand the provisions of this Protective Order, and I agree to abide by its terms.

3. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this Action(s) any Confidential Information, including information designated "Confidential" I receive in this Action(s), except to the extent such information is or becomes public domain information.

4. I agree at the conclusion of the litigation, I will destroy or return all Confidential Information to the party, including third parties, or attorney from whom I received it. In the former case, I will certify in writing the documents have been destroyed.

5. I agree to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under, compliance with, or violation of the Protective Order.

6. I understand disclosure of information designated "Confidential" in violation of the Protective Order may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

_____          _____
Signature                                 Date

_____
Name and Title